IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. HARNDEN,<br><br>   Plaintiff,<br><br>   vs.<br><br>GLOVER; LIDDICOTE; DEL NORTE COUNTY; STATE OF CALIFORNIA; MURRAY; MAVRIS;<br><br>   Defendants. | No. C 10-5699 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at California State Prison – Corcoran, in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

The complaint, like those in prior actions by plaintiff, *see e.g*, *Harnden v. California, et al.*, No. C 10-5699 WHA (N.D. Cal.), is very difficult to understand. For example, in the section of the form complaint to explain exhaustion of administrative remedies, plaintiff states "Judges do not lie" and "what of you Judge you'll beg me when I discribe you . . . Luke 18:2-5 to your family and they judge you . . . guilty." In the section of the form complaint in which to set forth his "Statement of Claim," plaintiff appears to be claiming that officials of Del Norte County stole mail from him in the course of prosecuting him on criminal charges in the 1990s. Plaintiff has raised this claim in many of his prior lawsuits against defendants in federal court. Such a claim is time-barred.

Section 1983 does not contain its own limitations period, but the appropriate period is that of the forum state's statute of limitations for personal injury torts, which, in California is the two-year period set forth at California Civil Procedure Code § 335.1. *Maldonado v. Harris*,

2

1    370 F.3d 945, 954 (9th Cir. 2004).  Plaintiff's claim accrued in the 1990s when he alleges that
2    he learned that the mail was being stolen.  *See Zolotarev v. San Francisco*, 535 F.3d 1044, 1049
3    (9th Cir. 2008) (under federal law, a claim generally accrues when the plaintiff knows or has
4    reason to know of the injury which is the basis of the action).  Plaintiff knew of the allegedly
5    stolen mail when it occurred.  That plaintiff might not have learned of the legal significance of
6    these until later does not delay the accrual of the cause of action arising out of those actions.
7    *See ibid.*  And although the limitation period may have been tolled due to plaintiff's
8    imprisonment, such tolling is available only for a maximum of two years.  *See* Cal. Civ. Proc.
9    Code § 352.1(a).  Thus, plaintiff had a maximum of four years in which to bring his claim under
10   Section 1983, i.e., the regular two-year period under California Civil Procedure Code Section
11   335.1  plus two years of tolling due to her imprisonment.  As it is clear from the allegations in
12   the complaint that plaintiff well over ten years before filing the complaint herein, the instant
13   action must be dismissed as untimely.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February  10  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\HARNDEN5699.DSM.wpd

3